**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SCENIC JACKSONVILLE, INC.,

                    Plaintiff,

vs.                                         Case No. 3:11-cv-55-J-32TEM

CLEAR CHANNEL OUTDOOR, INC.,

                    Defendant.

_____

## ORDER

When a plaintiff has unequivocally stated that its attorneys' fee claim exceeded $150,000 at the time of removal, does that fact alone establish the requisite amount in controversy under the diversity statute? This case is before the Court on plaintiff Scenic Jacksonville, Inc.'s Motion to Remand. (Doc. 11.)  Scenic Jacksonville contends this case should be remanded to state court because defendant Clear Channel Outdoor, Inc. ("Clear Channel") has not established that the amount in controversy meets the requirements for federal diversity jurisdiction.   The Court consider's plaintiff's motion, defendant's Memorandum in Opposition (Doc. 20), and plaintiff's Reply (Doc. 31).

## I.  BACKGROUND

In May of 1991, Naegele Outdoor Advertising, Inc., Clear Channel's predecessor-in-interest, filed suit against the City of Jacksonville, alleging that the City's restrictions on outdoor advertising were unconstitutional and in violation of Florida law.  (Doc. 2 at 4-5.) Capsigns, Inc., now known as Scenic Jacksonville, intervened in the action and filed a

counterclaim to compel Clear Channel to comply with municipal law.[1]  Pursuant to the Jacksonville Charter, Scenic Jacksonville also sought attorneys' fees.  (Id. at 5-6.)

On March 22, 1995, Clear Channel, Scenic Jacksonville, and the City entered into a settlement agreement which provided, among other things, a detailed list of requirements for the building and relocation of Clear Channel's billboards.  (See Docs. 11 at 3; 20 at 2.) Clear Channel and Scenic Jacksonville also entered into a supplemental settlement agreement in which Scenic Jacksonville released its claim for attorneys' fees in excess of $250,000 in return for $45,000 and Clear Channel's agreement to post alcohol abuse and tobacco warning messages on its billboards.  (Docs. 11 at 3-4; 20 at 2.)

On January 10, 2011, Scenic Jacksonville filed suit in the Fourth Judicial Circuit for Duval County, Florida, alleging that Clear Channel has breached the settlement agreements and Jacksonville City Charter.  (Doc. 2.) The First Amended Complaint alleges, among other things, that Clear Channel has erected billboards in prohibited locations and has failed to comply with its obligations to post alcohol and tobacco warning messages.  (Id.)  Scenic Jacksonville has requested a number of remedies, including the disgorgement of revenue from any billboards which are in violation of the Jacksonville Charter or the settlement agreement, specific performance of Clear Channel's alleged obligations to post alcohol and tobacco warning messages, and attorneys' fees.  (Id.)

Clear Channel filed a timely Notice of Removal.  (Doc. 1.)  Scenic Jacksonville filed a Motion to Remand on the grounds that the amount in controversy requirement of this

---

[1] Throughout this opinion, the parties will be referred to as Scenic Jacksonville and Clear Channel.

Court's diversity jurisdiction has not been met. (Doc. 11.) Clear Channel thereafter asked Scenic Jacksonville to specify the amount of attorneys' fees that had been incurred as of the date of removal. In a letter dated February 28, 2011, counsel for Scenic Jacksonville stated that he had spent over 400 hours on the claims related to the Amended Complaint and that he has a billing rate of $390 per hour. (Doc. 20-2 at 1.) The letter also states that a paralegal had spent approximately 50 hours on the case at an hourly billing rate of $150. (Id.) The letter further provides that Scenic Jacksonville's obligation to pay fees to its counsel is contingent on its status as a prevailing party in the litigation and a judicial determination of attorneys' fees. (Id.)

## II. DISCUSSION

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)." Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1060 (11th Cir. 2010). This Court has jurisdiction when the citizenship of the plaintiffs is diverse from that of the defendants and the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332(a). It is undisputed that the parties are diverse in this case. (See Docs. 1 at 2; 11 at 8.)

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). However, "a removing defendant is not required to prove the amount

in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).  "[C]ourts may use their judicial experience and common sense" to determine whether the amount in controversy requirement has been met.  Roe, 613 F.3d at 1062.

"[D]efendants may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal." Pretka, 608 F.3d at 755.  In addition to the petition for removal and motion to remand, a district court may also "consider post-removal evidence in assessing removal jurisdiction. . . . [U]nder any manner of proof, [however,] the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." Pretka, 608 F.3d at 773 (quoting Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000)).

Clear Channel contends that each of the following remedies sought in the Amended Complaint independently satisfy the amount in controversy requirement:  Scenic Jacksonville's attorneys' fees;  disgorgement of Clear Channel's revenue obtained as a result of its alleged violations; and specific performance of Clear Channel's alleged obligations to post alcohol and tobacco warning messages.  (Doc. 20.)  Because the Court concludes that Scenic Jacksonville's claim for attorneys' fees satisfies the amount in controversy requirement, it need not address the remaining issues.[2]

Clear Channel did not list attorneys' fees as a basis for removal in its Notice of

---

[2] Though not reaching the other bases asserted by Clear Channel, if required to do so, the Court would likely find them also to be independently sufficient to meet the amount in controversy requirement.

Removal. (See Doc. 1)  Scenic Jacksonville, however,  does not argue that this disables the Court from considering attorneys' fees in determining the amount in controversy.  (See Doc. 31 at 2) ("Defendant also correctly points out that the Court may consider the February 28, 2011 correspondence from Plaintiff's counsel in which Plaintiff's counsel candidly disclosed counsel's rates and the number of hours expended on the case to the date of removal.").  "While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition."  Pretka, 608 F.3d at 773 (quoting Sierminski, 216 F.3d at 949).  Moreover, the Eleventh Circuit has found that "a defendant's opposition to remand is a 'removing document,'" which may be considered along other "post-removal evidence in assessing removal jurisdiction."  Id. at 773.  As the Court in Pretka explained, "§ 1446(a) provides that a notice of removal should contain only 'a short and plain statement of the grounds for removal.'  That provision would make little sense if a defendant were categorically barred from supplementing its 'short and plain statement' with additional evidence and explanation."  Id. at 774 n.29 (quoting 28 U.S.C. § 1446(a)).

"[A]ttorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or by contract."  Federated Mut. Ins. Co. v. McKinnon Motors, L.L.C., 329 F.3d 805, 808 n.4 (11th Cir. 2003) (citing Graham v. Henegar, 640 F.2d 732, 736 (5th Cir.1981)).  Scenic Jacksonville acknowledges that attorneys' fees may be considered for each of its claims since they are provided for both by the Jacksonville Charter and the settlement agreements.  (Doc. 31 at 2.)

"Arguably, when the amount in controversy substantially depends on a claim for

attorney fees, that claim should receive heightened scrutiny." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1080 n.10 (11th Cir. 2000).  Courts have thus found that unsubstantiated predictions of plaintiffs' attorneys' fees are not sufficient to meet the jurisdictional requirement. See, e.g., Abilities Rehabs. Ctr. Found., Inc. v. Mount Vernon Fire Ins. Co., No. 08-cv-1676-T-33TBM, 2010 WL 4723449, at *3 (M.D. Fla. Nov. 15, 2010); Smuland v. UNUM Life Ins. Co. of Am., No. 6:10-cv-281-Orl-28GJK, 2010 WL 1839106, at *1 (M.D. Fla. April 30, 2010).  However, when the removing party has presented concrete evidence of the opposing party's attorneys' fees, courts have considered this amount in determining if the amount in controversy requirement has been satisfied. See, e.g., Mullican v. TSB Fin. Servs., Inc., No. 6:06-cv-1209-Orl-31KRS, 2006 WL 2947856, at *2 (M.D. Fla. May 14, 2007); Wilson Oil Co. v. Crown Cent. Petroleum Co., No. Civ. A.02 F 358 F, 2005 WL 3307158, at *3 (M.D. Ala. Dec. 6, 2005).

Here, Clear Channel has presented Scenic Jacksonville's own statement of the amount of hours worked by counsel for Scenic Jacksonville as of the time of removal and counsel's customary hourly rate.  These figures total $163,500, which is well in excess of the jurisdictional minimum.  (See Doc. 20-2.)

Although Scenic Jacksonville does not contest the accuracy of this amount, it argues that any award of attorneys' fees would be speculative because it "will only incur an obligation to pay its counsel upon the occurrence of two events: (1) the plaintiff's status as a prevailing party in the litigation; and (2) a judicial determination of the amount of the attorneys' fees to be awarded."  (Doc. 31 at 2.)  Scenic Jacksonville's "contingency fee" argument, however, does little to distinguish this case from those in which attorneys' fees

6

have been considered.[3]  Attorneys' fees provided by a contract or statute are normally only awarded  to a prevailing party and in an amount that is judicially determined to be reasonable.  Moreover, regardless of the type of remedy at issue, plaintiffs generally only recover when they prevail on the merits of their claims.

That the amount of attorneys' fees depends on a judicial determination also does not make attorneys' fees speculative in this case.  Despite the absence of any evidence that the billing rate or number of hours worked by counsel is reasonable, the Court may consider the evidence presented in light of the Court's "judicial experience and common sense."  Roe, 613 F.3d at 1062.   Based on Scenic Jacksonville's counsel's representation that his attorneys' fees were more than double the necessary threshold at the time of removal, the Court holds that Clear Channel has shown by a preponderance of the evidence that reasonable attorneys' fees will exceed $75,000.[4]  This Court therefore has jurisdiction

_____

[3] The cases relied on by Scenic Jacksonville do not hold that attorneys' fees which will be incurred pursuant to a contingency arrangement are necessarily speculative.  Instead, each of these cases merely holds that the defendant did not present sufficient evidence of the amount of attorneys' fees at issue in that case.  See Bruzon-Pena v. Infinity Indem. Ins. Co., No. 8:09-cv-2170-T-33EAJ, 2010 WL 3663788, at *3 (M.D. Fla. July 14, 2010); Kingdom Ins. Group v. United Healthcare Ins. Co., No. 7:09-cv-113 (HL), 2010 WL 1782275, at *3-4 (M.D. Ga. May 4, 2010);  Smuland, No. 6:10-cv-281-Orl-28GJK, 2010 WL 1839106, at *1. The  February 28, 2011 letter from Scenic Jacksonville's counsel, which details the number of hours worked by counsel as of the time of removal and hourly rate, distinguishes this case.

[4] Although there is some disagreement regarding whether attorneys' fees should be calculated based on the amount of work performed prior to removal or whether they should be calculated based on the amount of work expected to be performed throughout the case, see, e.g., Brown v. Am. Express Co., No. 09-61758-CIV, 2010 WL 527756, at * 7 (S.D. Fla. Feb. 10, 2010) (collecting cases); Love v. N. Tool & Equip. Co., No. 08-20453-CIV, 2008 WL 2955124, at *4 (S.D. Fla. Aug. 1, 2008) (same), the Court need not reach this issue given the number of hours already worked by counsel.

pursuant to 28 U.S.C. § 1441.

Accordingly, it is hereby

**ORDERED**:

1.    Scenic Jacksonville's Motion for Remand (Doc. 11) is **DENIED**.

2.    The parties' Case Management and Scheduling Order will issue separately.

**DONE AND ORDERED** at Jacksonville, Florida this 23rd day of June, 2011.

_____
TIMOTHY J. CORRIGAN
United States District Judge

js.
Copies:

counsel of record

8